**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001036
29-JAN-2018
09:21 AM**

NOS. CAAP-14-0001036 and CAAP-14-0001373

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

TROY TANGA, KELLEY KRAMERS, RONALD PARSONS, JOAN PARSONS,
CHARLES CARSON, LINDA CARSON, RNI-N.V., LP.,
Petitioners-Appellants,
v.
CENTEX HOMES, a Nevada general partnership,
Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 14-1-0156 (ECN))

MEMORANDUM OPINION
(By: Leonard, Presiding Judge, Ginoza and Chan, JJ.)

On appeal are two consolidated cases, CAAP-14-0001036 and CAAP-14-0001373, arising from the same underlying matter in the Circuit Court of the First Circuit (**circuit court**).[1]

In CAAP-14-0001036, Petitioner-Appellant RNI-N.V., L.P. (**RNI**) appeals from an "Order Granting Respondent Centex Homes' Motion for an Order to Confirm Final Arbitration Award in the Arbitration by and between Centex Homes and Respondent RNI-N.V., LP" (**Order Confirming Arbitration Award**) and an "Order Denying Petitioners' Motion to Vacate Final Arbitration Award" (**Order Denying Motion to Vacate**), both filed on July 16, 2014, by the circuit court. RNI contends the circuit court erred when it

_____

[1] The Honorable Edwin C. Nacino presided over both cases.

refused to vacate and instead confirmed a final arbitration award in favor of Respondent-Appellee Centex Homes (**Centex**) and against RNI, because the arbitrator, retired Chief Justice Ronald T.Y. Moon (**Arbitrator Moon**), manifestly disregarded the law and exceeded his authority.  RNI argues that we should vacate the circuit court's orders and remand the case with instructions to vacate the arbitration award and order a rehearing before a new arbitrator.

In CAAP-14-0001373, Petitioner-Appellant RNI challenges the circuit court's "Supplemental Final Judgment" filed on December 4, 2014 (**Supplemental Judgment**), and an "Order Granting Respondent Centex Homes' Motion for Award of Reasonable Attorney's Fees and Costs Incurred in Confirming Final Arbitration Award in the Arbitration by and between Centex Homes and Petitioner RNI-N.V., L.P.," filed on November 24, 2014 (**11/24/14 Order Granting Fees**).  In this appeal, RNI contends the circuit court abused its discretion in awarding $25,643.42 in attorney's fees to Centex because the circuit court (1) did not state the basis upon which it awarded said fees and (2) granted fees which were unreasonable and excessive.  RNI argues we should vacate the Supplemental Judgment and the 11/24/14 Order Granting Fees.

For the reasons discussed below, in CAAP-14-0001036, we affirm the Order Confirming Arbitration Award and the Order Denying Motion to Vacate.  In CAAP-14-0001373, we vacate the Supplemental Judgment and the 11/24/14 Order Granting Fees, and remand to the circuit court for further proceedings regarding attorneys' fees.

I.   **CAAP-14-0001036**

In reviewing RNI's challenges to the circuit court's Order Confirming Arbitration Award and the Order Denying Motion to Vacate, we apply the following standard of review:

> [J]udicial review of an arbitration award is confined to the strictest possible limits, and a court may only vacate an award on the grounds specified in HRS § 658A-23 and modify or correct on the grounds specified in HRS § 658A-24.  This

2

standard applies to both the circuit court and the appellate courts.

In re Grievance Arbitration Between State Org. of Police Officers, 135 Hawai'i 456, 461, 353 P.3d 998, 1003 (2015) (citations and internal quotation marks omitted). "We review the [circuit] court's ruling on an arbitration award de novo, but we also are mindful that the [circuit] court's review of arbitral awards must be extremely narrow and exceedingly deferential." Tatibouet v. Ellsworth, 99 Hawai'i 226, 233, 54 P.3d 397, 404 (2002) (citations and internal quotation marks omitted).

A. **Manifest Disregard of the Law**

RNI contends the circuit court erred in confirming and not vacating the arbitration award because Arbitrator Moon "manifestly disregarded the law" by: (1) failing to apply collateral estoppel based on an arbitration award against Centex in a separate proceeding involving the Nguyens, who, like RNI, were also early purchasers of units at the Beach Villas at Ko Olina; (2) holding that Centex did not owe a fiduciary duty to RNI; (3) applying preclusive or conclusive effect to allegations made by RNI in a lawsuit filed in U.S. District Court, which RNI withdrew and voluntarily dismissed without prejudice; and (4) finding that a settlement agreement entered into by RNI, i.e., the Kanazawa settlement, covered claims in this arbitration.

Hawaii Revised Statutes (**HRS**) § 658A-23(a) (2016) specifies six grounds upon which a court shall vacate an arbitration award. Manifest disregard of the law is not among them. HRS § 658A-23(a) provides:

> **[§658A-23] Vacating award.** (a) Upon motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if:
> (1) The award was procured by corruption, fraud, or other undue means;
> (2) There was:
> (A) Evident partiality by an arbitrator appointed as a neutral arbitrator;
> (B) Corruption by an arbitrator; or
> (C) Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;
> (3) An arbitrator refused to postpone the hearing upon showing of sufficient cause for

3

postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to section 658A-15, so as to prejudice substantially the rights of a party to the arbitration proceeding;

(4) An arbitrator exceeded the arbitrator's powers;

(5) There was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection under section 658A-15(c) not later than the beginning of the arbitration hearing; or

(6) The arbitration was conducted without proper notice of the initiation of an arbitration as required in section 658A-9 so as to prejudice substantially the rights of a party to the arbitration proceeding.

Although exceeding an arbitration agreement between the parties may be grounds for vacatur under HRS § 658A-23(a)(4), disregard of or misapplication of the law is not. Tatibouet, 99 Hawai'i at 234, 54 P.3d at 405 (holding that judicial review is limited to "cases in which the arbitrators manifestly exceed the *agreement* between the parties" and "[a] misinterpretation of law does not amount to exceeding enumerated powers[.]") (emphasis added); Mathewson v. Aloha Airlines, Inc., 82 Hawai'i 57, 70, 919 P.2d 969, 982 (1996) ("An arbitration award, if made in good faith, is conclusive upon the parties, and . . . neither [party] can be permitted to prove that the arbitrators decided wrong either as to the law or the facts of the case.") (citation and internal quotation marks omitted); Matter of Hawai'i State Teachers Association, 140 Hawai'i 381, 391-92, 400 P.3d 582, 592-93 (2017) ("[W]here the parties agree to arbitrate, they thereby assume all the hazards of the arbitration process, including the risk that the arbitrators may make mistakes in the application of law and in their findings of fact.") (citations omitted).

RNI's four arguments in support of its manifest disregard of the law theory assert alleged misapplications of the law by Arbitrator Moon. Given that HRS § 658A-23(a) and Hawai'i case law do not recognize misapplication of the law as a ground for vacating an arbitration award, the circuit court properly did not vacate the arbitration award on this ground.

B. **Exceeding the Arbitrator's Powers**

RNI also argues that the circuit court erred in confirming and not vacating the arbitration award because Arbitrator Moon exceeded his authority under HRS § 658A-23(a)(4). RNI bases its argument on Arbitrator Moon's failure to hold a hearing by January 8, 2014, the alleged "latest date 'fixed' by the Centex Sales Contract for commencement of the arbitration hearing[.]"

It is not particularly clear how RNI calculates its position that the last date that a hearing could be held in the arbitration was January 8, 2014. Arbitrator Moon's decision indicates that during a pre-hearing telephone conference, the parties and Arbitrator Moon agreed pursuant to Section D.37.f.(3) of the Sales Contract,[2] that the hearing would be held on January 8, 2014. Section D.37.f.(3) of the Sales Contract provides that the arbitrator shall select the time to commence the hearing to allow the parties adequate preparation, "but in no event later than sixty (60) days after the filing of the <u>last of the parties' responses</u>." (Emphasis added.) Given RNI's assertion that the last date the hearing could be held was January 8, 2014, RNI's argument apparently presumes that the last "response" in the arbitration had to have been filed no later than sixty days earlier, or on November 9, 2013. However, the Sales Contract

_____

[2] Section D.37.f.(3) of the Sales Contract, titled "Conduct of Arbitration Hearing" provides:

> Unless a hearing is waived in writing by all parties, all disputes shall be determined by the arbitrator after a hearing conducted in accordance with these procedures. The arbitrator may, in the arbitrator's sole discretion, limit testimony and argument, both legal and factual. The hearing shall be commenced at a time and place selected by the arbitrator to afford each party adequate preparation for presenting its position as to the dispute being arbitrated, <u>but in no event later than sixty (60) days after the filing of the last of the parties' responses</u>. Unless otherwise agreed in writing by the parties, the hearing shall be concluded within twenty (20) days of commencement of the hearing.

(Emphasis added.)

does not appear to mandate a last "response" by November 9, 2013. As set forth in RNI's opening brief, Arbitrator Moon set a schedule for filing motions by November 19, 2013, responses by November 26, 2013, and replies by December 3, 2013. Moreover, after Arbitrator Moon initially denied summary judgment for RNI and granted summary judgment for Centex on December 16, 2013, RNI filed a motion on December 19, 2013 seeking that Arbitrator Moon vacate his summary judgment ruling for Centex, which subsequently lead to Arbitrator Moon setting further briefing schedules in the proceeding. Section D.37.f.(2) of the Sales Contract allows the "arbitrator [to] permit a position statement, counter-position statement, or response to be amended to add a question to be resolved or defense only upon presentation of a reasonable basis therefore."

> The Hawai'i Supreme Court has held that:
>
> In determining whether an arbitrator has exceeded his or her authority under the agreement, there should be no second guessing by the court of the arbitrator's interpretation of his or her authority so long as the arbitrator's interpretation could have rested on an interpretation and application of the agreement.

In re Grievance Arbitration Between State Org. of Police Officers, 135 Hawai'i at 463, 353 P.3d at 1005. Here, Arbitrator Moon directly addressed his continuing authority after RNI asserted that he had exceeded his authority by not holding a hearing by January 8, 2014. Arbitrator Moon found that, prior to January 8, 2014, the parties "proceeded with the Arbitration process as though the deadline did not pose an inflexible barrier causing Arbitrator to lose his authority over the Arbitration if January 8, 2014 passed without a hearing."[3] Indeed, Arbitrator Moon noted that RNI did not assert he was divested of authority until after he issued a ruling on January 15, 2014, which was

---

[3] Arbitrator Moon further found that "Claimants did not once prior to the deadline indicate in any way that the deadline was approaching but acted as though it did not exist and essentially ignored it. A host of these incidents are reflected in both parties' written submissions, exhibits, actions and inactions."

adverse to RNI. Arbitrator Moon ruled that "[b]ased on [RNI's] representations, actions and inaction, [RNI is] deemed to have abandoned or waived [its] deadline position. Arbitrator decides that he continues to retain jurisdiction and authority over this Arbitration."

Given the language of sections D.37.f.(2) and D.37.f.(3) of the Sales Contract, that the parties submitted written arguments up to January 20, 2014, and the deference which the Hawai'i Supreme Court has held must be given to an arbitrator's determination of his or her scope of authority, see Id. at 464, 353 P.3d at 1006, we conclude that Arbitrator Moon did not exceed his authority by holding a hearing after January 8, 2014.

## II. CAAP-14-0001373 (Attorneys' Fees)

As a threshold matter, the December 4, 2014 Supplemental Judgment is invalid because the circuit court lacked subject matter jurisdiction to alter the substance of the July 29, 2014 Final Judgment while the appeal in appellate court case number CAAP-14-0001036 was already pending. TSA Int'l Ltd. v. Shimizu Corp., 92 Hawai'i 243, 265, 990 P.2d 713, 735 (1999) (holding that "[g]enerally, the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case."). Accordingly, we vacate the December 4, 2014 Supplemental Judgment.

The circuit court had jurisdiction to consider Centex's timely filed Motion for Fees under Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 4(a)(3) (2012). However, we must vacate the 11/24/14 Order Granting Fees as a nullity because the order was filed more than ninety (90) days after Centex filed its Motion for Fees. At the time Centex's Motion for Fees was pending, HRAP Rule 4(a)(3) provided, in relevant part:

> (3) TIME TO APPEAL AFFECTED BY POST-JUDGMENT MOTIONS. If any party files a timely motion for . . . attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; provided, that the failure to dispose of any motion by order entered upon the record within 90 days after the date of the motion was filed shall constitute a denial of the motion.

7

(Emphasis added.)  Centex's motion for fees was filed on August 5, 2014.  The circuit court's November 24, 2014 order was filed 111 days later.  Although Centex's appeal from the 11/24/14 Order Granting Fees was timely, see Ass'n of Condominium Homeowners of Tropics at Waikele v. Sakuma, 131 Hawai'i 254, 256, 318 P.3d 94, 96 (2013), the circuit court's 11/24/14 Order Granting Fees is deemed denied for having been filed more than ninety days after the motion for fees was filed.  See Cty. Of Hawaii v. C & J Coupe Family Ltd. P'ship, 119 Hawai'i 352, 367-368, 198 P.3d 615, 630-631 (2008).

Given the above, we need not address the parties' points of error related to the attorneys' fees issues.  Instead, we remand for further proceedings regarding attorneys' fees.  Id. at 368, 198 P.3d at 631; Int'l Union of Painters and Allied Trades, Painters Local Union 1791, AFL-CIO v. Endo Painting Serv., Inc., Nos. CAAP-12-0000661, CAAP-12-0001094, CAAP-13-0000187, 2015 WL 3649836 at *5 (Hawai'i App. Jun. 10, 2015) (remanding case to allow party to reassert its claim for attorneys' fees and costs without prejudice, where prior order granting attorneys' fees and costs was deemed denied due to order being filed more than ninety days after the motion).

## III. Conclusion

Based on the above, in CAAP-14-0001036, we affirm the "Order Granting Respondent Centex Homes' Motion for an Order to Confirm Final Arbitration Award in the Arbitration by and between Centex Homes and Respondent RNI-N.V., LP" and the "Order Denying Petitioners' Motion to Vacate Final Arbitration Award," both filed on July 16, 2014 in the Circuit Court of the First Circuit.

In CAAP-14-0001373, we vacate the circuit court's "Order Granting Respondent Centex Homes' Motion for Award of Reasonable Attorney's Fees and Costs Incurred in Confirming Final Arbitration Award in the Arbitration by and between Centex Homes and Petitioner RNI-N.V., L.P.," filed on November 24, 2014.  The

"Supplemental Final Judgment" filed on December 4, 2014, is also vacated.

The case is remanded to the Circuit Court of the First Circuit to allow the parties to address attorneys' fees.

DATED: Honolulu, Hawai'i, January 29, 2018.

On the briefs:

Michael J. Lilly,
Valerie M. Kato,
John A. Sopuch III,
Shawn M. Collins,
J. Robert Arnett II,
for Petitioner-Appellant,
RNI-N.V., L.P.

Richard E. Wilson,
for Respondent-Appellee,
Centex Homes.

Presiding Judge

Associate Judge

Associate Judge